

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

August 8, 2016

The Honorable Joe Deshotel
Chair, Committee on Land and
    Resource Management
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. KP-0105

Re: Application of the conflict of interest rules in chapter 171 of the Local Government Code to members of a planning and zoning commission or historic landmark commission who reside or own property within the historic district (RQ-0094-KP)

Dear Representative Deshotel:

You ask about the application of the conflict of interest rules in chapter 171 of the Local Government Code to members and staff of a planning and zoning commission ("P&Z Commission") or a historic landmark commission ("HL Commission") who reside or own property within the historic district.[1] You tell us that the City of Beaumont ("City") created a historic cultural landmark preservation overlay district ("district"). Request Letter at 1. You also tell us that the City created the HL Commission to approve or recommend action on buildings and structures within the district. *See id.* at 1–2 (stating that the purpose of the HL Commission is to preserve the integrity of the district and balance the City's interest in encouraging growth through commerce).

You state that at a recent P&Z Commission hearing, an application for a permit for a business office within the City, and presumably the district, was considered, and residents testified that the building would have a "negative impact on their property values." *Id.* at 2. You indicate that at least two members of the P&Z Commission reside in and have a property interest in the district. *See id.* at 1. You indicate further that a staff person of the P&Z Commission, who is primarily responsible for preparing staff reports for the P&Z Commission and the HL Commission, lives within the historic district. *See id.* at 2. You ask whether a P&Z Commissioner or HL Commissioner and the staff person, "as public officials pursuant to Chapter 171 of the Local Government Code, who reside[] or own[] property in the geographically defined historic district may vote or decide on matters that affect that district." *Id.* at 3.

---

[1]*See* Letter from Honorable Joe Deshotel, Chair, Comm. on Land & Res. Mgmt., Tex. House of Representatives, to Honorable Ken Paxton, Tex. Att'y Gen. at 1–3 (Feb. 9, 2016), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

Chapter 171 of the Local Government Code regulates the pecuniary conflicts of interests of certain local public officials. Section 171.004 provides:

> (a) If a local public official has a substantial interest in . . . real property, the official shall file, before a vote or decision on any matter involving the . . . real property, an affidavit stating the nature and extent of the interest and shall abstain from further participation in the matter if:
>
> . . .
>
> (2) in the case of a substantial interest in real property, it is reasonably foreseeable that an action on the matter will have a special economic effect on the value of the property, distinguishable from its effect on the public.

TEX. LOC. GOV'T CODE § 171.004(a). Subsection 171.004(a) applies to a "local public official" who holds a "substantial interest" in a business entity or real property. *Id.* We address these elements in turn.

A "local public official" includes a "member of the governing body or another officer, whether elected, appointed, paid, or unpaid, of any district . . . who exercises responsibilities beyond those that are advisory in nature." *Id.* § 171.001(1). This office has previously determined that a city employee is not a local public official and, as such, is not subject to chapter 171. *See* Tex. Att'y Gen. Op. No. GA-0195 (2004) at 2. This office has also previously concluded that a member of a planning and zoning commission is a local public official under chapter 171. *See* Tex. Att'y Gen. Op. No. DM-309 (1994) at 2. We find no authority on the question whether a member of an HL Commission similar to the one here is a local public official under chapter 171. To analyze this question, we examine the City's ordinances providing for the HL Commission's duties and powers.

One primary duty of the HL Commission is to make recommendations about a historic-cultural landmark preservation designation to the P&Z Commission and the City Council. *See* BEAUMONT, TEX., CODE OF ORDINANCES § 28.02.007(b). It is also given authority to determine whether a certificate of appropriateness is warranted for any construction, reconstruction, alteration, change, restoration, removal, or demolishment of an exterior architectural feature of a building located in the historic district. *See id.* § 28.02.007(d). And it is tasked with reviewing requests for a certificate of demolition or relocation prior to the demolition or relocation of any building or structure with a historic preservation designation. *See id.* § 28.02.007(e). While in the exercise of these powers the HL Commission often is required to forward a recommendation to another person or entity for finality, the City's ordinances do contemplate that the HL Commission has a certain amount of final authority. For example, a party may appeal a decision of the City Council or HL Commission to the district court. *Id.* § 28.02.007(g). The exterior of certain structures may not be altered or changed without the certificate of appropriateness from the HL Commission. *See id.* § 28.03.017(d)(1). Certain buildings or structures may not be demolished or removed without the approval of the City Council or the HL Commission. *See id.*

§ 28.03.017(d)(2). In all of these instances, a decision of the HL Commission, even if concurrent with any authority of the City Council, is treated as a final decision authorizing or prohibiting certain actions with regard to structures within the historic district. These provisions tend to suggest that the HL Commission exercises responsibilities beyond that which are advisory in nature and that a member thereof is a local public official.

We next consider whether either of the two commission's members' particular property interests within the district constitute a "substantial property interest." With respect to real property, a substantial interest sufficient to trigger chapter 171 includes an interest in real property that is "an equitable or legal ownership with a fair market value of $2,500 or more." TEX. LOC. GOV'T CODE § 171.002(b); *see also id.* § 171.002(c) (providing that a local public official also has a substantial interest if a person related to the official in the first degree by consanguinity or affinity has a substantial interest). You provide no information about the nature of the property interests owned by the members of the two commissions, but to the extent a member's ownership interest in the real property equals or exceeds $2,500, it is a substantial property interest under chapter 171.

In the event these local public officials have the requisite substantial property interest, they must file "an affidavit stating the nature and extent of the interest" before a vote or decision on any matter involving the real property. *Id.* § 171.004(a). And they are required to abstain from "further participation in the matter" if "it is reasonably foreseeable that an action on the matter will have a special economic effect on the value of the property, distinguishable from its effect on the public." *Id.* § 171.004(a)(2); *see also id.* § 171.003 (providing for criminal penalties). However, this office cannot decide in the opinion process whether a member's action on a particular matter will have a special economic effect on the value of the property distinguishable from its effect on the public because such a question requires the resolution of fact issues. Tex. Att'y Gen. Op. No. GA-0796 (2010) at 6.

## S U M M A R Y

Members of the Beaumont Planning and Zoning Commission and the Beaumont Historical Landmark Commission are local public officials subject to chapter 171 of the Local Government Code. A Beaumont city employee providing staff support for the two commissions is not a local public official subject to chapter 171. Any real property interest within the historic district owned by members of either commission and valued at $2,500 or more is a substantial property interest for which the members must file an affidavit stating the nature and extent of the interest before a vote or decision on any matter involving the property.

Whether the members must abstain from voting on matters involving their property interest depends on whether it is reasonably foreseeable that an action on the matter will have a special economic effect on the value of the property, distinguishable from its effect on the public. Such question involves fact issues and is outside the purview of an attorney general opinion.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

CHARLOTTE M. HARPER
Assistant Attorney General, Opinion Committee